IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 20, 2000 Session

## STATE OF TENNESSEE v. RHONDA JENNINGS

**Appeal as of Right from the Criminal Court for Williamson County
No. II-397-92     Timothy L. Easter, Judge**

**No. M1999-01093-CCA-R3-CD - Filed November 30, 2000**

On October 28, 1998, at the conclusion of a bench trial, Rhonda Jennings, the defendant and appellant, was found guilty of one count of theft over five-hundred dollars and one count of theft under five-hundred dollars. Following a sentencing hearing on February 26, 1999, the trial court ordered the defendant to serve two years on community corrections after serving twenty days in jail. On April 29, 1999, a warrant was filed against the defendant alleging that she had violated a condition of her community corrections sentence. After an evidentiary hearing on July 12, 1999, the trial court revoked the defendant's community corrections sentence and re-sentenced her to eighteen months incarceration. On appeal, the appellant claims that her sentence is excessive. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court of Williamson
County is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and JOHN EVERETT WILLIAMS, J., joined.

J. Timothy Street, Franklin, Tennessee, attorney for the appellant, Rhonda Jennings.

Paul G. Summers, Attorney General and Reporter, David H. Findley, Assistant Attorney General, and Ron Davis, District Attorney General, Lee Dryer, Assistant District Attorney, attorneys for the appellee, State of Tennessee.

### OPINION

### Factual Background

A Williamson County Grand Jury indicted the defendant for one count of theft over one-thousand dollars, five counts of theft under five-hundred dollars, one count of criminal impersonation and one count of driving on a suspended license. Prior to trial, the State entered a nolle prosequi as to four counts of theft under five-hundred dollars. The defendant later pled guilty on a suspended license and criminal impersonation. At a bench trial on the remaining counts, the

defendant was found guilty of one count of theft over five-hundred dollars, a lesser included offense of theft over one-thousand dollars, and one count of theft under five-hundred dollars. Following a sentencing hearing, the defendant was sentenced to serve two years in the Community Corrections Program after serving twenty days in jail. Subsequently, the defendant was charged with violating her Community Corrections sentence for failing a drug screen. At an evidentiary hearing, the trial court determined that the defendant had violated her community corrections sentence. The trial court then sentenced the defendant to serve eighteen months for the theft over five hundred dollars concurrently to eleven months and twenty-nine days for theft under five hundred dollars.

## Sentencing

The defendant does not challenge the trial court's revocation of her community corrections sentence. Instead, she argues that in imposing a sentence of incarceration after revocation (1) the trial court improperly weighed the enhancement factors, (2) that the trial court erroneously failed to apply certain mitigating factors, and (3) that the trial court should have ordered alternative sentencing.

### I.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence even if we would prefer a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

### II.

The defendant was found guilty of theft over five-hundred dollars, a Class E felony, and theft under five-hundred dollars, a Class A misdemeanor. Following the sentencing hearing, the court found the defendant to be a Range I, standard offender. The court then found that the following enhancement factors applied: (1) that the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1); and (2) that the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Id. § 40-35-114(8). The trial court also found as mitigating that the defendant's actions neither caused nor threatened serious bodily injury. Id. § 40-35-113(1). Then, the trial court imposed an eighteen-month sentence, the

midpoint in the sentencing range for a Range I offender convicted of a Class E felony. Id. § 40-35-112(a)(5).

The defendant concedes the applicability of the enhancement factors. However, she argues that the trial court gave the enhancement factors too much weight. The presumptive sentence for a Class E felony is the minimum of the applicable range. Id. § 40-35-210(c). If enhancement and mitigating factors do exist, a trial court should start at the presumptive sentence, enhance the sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Id. § 40-35-210(e). Furthermore, no particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Palmer, 10 S.W.3d 638, 646 (Tenn. Crim. App. 1999); see Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. In this case, we find that the trial court properly weighed the enhancing factors. Thus, the court was acting within its discretion by imposing an eighteen-month sentence.

The defendant also argues that the trial court should have considered the defendant's family obligations mitigating under the "catch-all" provision of the statute. Tenn. Code Ann. § 40-35-113(13). Specifically, the proof at the sentencing hearing showed that the defendant is the primary caretaker of her two children, her sister, and her mother. We conclude that the trial court properly declined to find the defendant's family obligations mitigating. First, there was no evidence that the defendant's family needs played any role in her decision to commit these crimes. Furthermore, even if there was such evidence, the trial court is in a much better position than this Court to determine whether, given all of the circumstances, the defendant's family obligations should be considered mitigating. In short, we find the sentence imposed by the trial court appropriate.
This issue is without merit.

### III.

Finally, the defendant argues that she should have been granted probation. The Tennessee Criminal Sentencing Reform Act of 1989 mandates that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts of rehabilitation shall be given first priority regarding sentencing involving incarceration." Tenn. Code Ann. § 40-35-102(5). A defendant who does not qualify as such and who is an especially mitigated or standard offender of a Class C, D, or E felony is "presumed to be a favorable candidate for sentencing options in the absence of evidence to the contrary." Id. § 40-35-102(6); However, this presumption may be rebutted by evidence to the contrary. Such evidence may include the following sentencing considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Id. § 40-35-103(1). A court may also apply the mitigating and enhancement factors set forth in Tenn. Code Ann. § 40-35-113 and -114, as they are relevant to the § 40-35-103 considerations. Id. § 40-35-210(b)(5). Finally, the potential or lack of potential for rehabilitation of the defendant should be considered in determining whether he should be granted an alternative sentence. Id. § 40-35-103(5).

In this case, even if the defendant were entitled to the presumption that alternative sentencing would be appropriate, the presumption was properly rebutted because measures less restrictive than confinement have recently been applied unsuccessfully to the defendant.[1] Indeed, in this case she was being sentenced for violating community corrections. Thus, a sentence of incarceration is appropriate for this defendant. This issue is without merit.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY SMITH, JUDGE

---

[1] In this case, we need not decide whether the presumption in favor of an alternative sentence applies following the revocation of a community corrections placement, because we find incarceration, in this case, appropriate in any event.